IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UTILITY SERVICE CORPORATION OF HUNTSVILLE, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | NO. 3:18-cv-00460 |
| v. | ) ) ) | JUDGE RICHARDSON |
| GROUND SUPPORT, LLC, | ) ) | |
| Defendant/Counter-Plaintiff. | ) | |

# **MEMORANDUM OPINION**

On July 2, 2019, the Court adopted the Magistrate Judge's Report and Recommendation granting default judgment and holding Ground Support, LLC liable for Utility Service Corporation of Huntsville's ("USCH") claims. (Doc. No. 44). The Court herein reaffirms that holding for the reasons set forth below and assesses the amount of damages to be awarded in this matter. On July 8, 2019, the Court ordered USCH to file a brief, with supporting documentation, regarding the appropriate amount of damages to be awarded in this matter. (Doc. No. 45). On August 8, 2019, USCH filed their brief, with supporting documentation, demonstrating a contract balance of $103,152.28 owed to USCH. (Doc. Nos. 46, 46-1). Moreover, USCH asserts that it is entitled to $26,294.04 in interest pursuant to the Illinois Contractor Prompt Payment Act ("ICPPA"), 815 Ill. Comp. Stat. Ann. 603/15.

"Upon entry of default, only those well-pleaded allegations relating to liability are taken as true." *In re Family Resorts of Am., Inc.*, 972 F.2d 347, No. 91-4127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992) (citation omitted). Here, USCH's Complaint asserts two bases for liability against Ground Support, LLC: (1) a claim for breach of contract; and (2) a claim for violation of

the ICPPA (predicated specifically on that alleged breach of contract). (Doc. No. 1 at 2-3). Given the entry of default (Doc. No. 44), the Court will accept as true those allegations in the Complaint asserting liability that are "well-pleaded." But that raises the question of when allegations concerning liability are considered "well-pleaded" and when they are not; it also brings into focus the principle that not all allegations of liability are sufficient to support a default judgment. On these issues, one district court in this circuit has explained:

> "[a] defendant's default does not itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 15 F.2d 1200, 1206 (5th Cir. 1975). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment." *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988). *See also Conetta v. Nat'l Hair Care Centers, Inc.,* 236 F.3d 67, 76 (1st Cir. 2001) (noting that a defaulted defendant "may still contest a claim on the ground that the complaint does not add up to the elements of a cause of action").

*Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009). This means that a claim, to be "well-pleaded," must at least satisfy "Rule 8(a) of the Federal Rules of Civil Procedure[, which] sets forth the basic federal pleading requirement that a complaint 'shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.*

In the present case, the Court concludes that the allegations of liability underlying Count One and Count Two are well pleaded in that they satisfy Rule 8(a). Among other things, these allegations comply with the pleading standards set forth in the bellwether cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court therefore accepts that those allegations are true and establish each of the two causes of action. The Court therefore finds that Ground Support, LLC is liable both for breach of contract and for the statutory violations alleged in the Complaint.

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted). "Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09–CV–193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see* Fed. R. Civ. P. 55(b)(2) (A district court "*may* conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.") (emphasis added)); *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing.").

The Court concludes that an evidentiary hearing is unnecessary in light of (1) the submission of USCH's CEO's sworn affidavit and attached documentary proof, and (2) the fact that Ground Support, LLC has failed to respond to prior Court orders. *See Vesligaj*, 331 F. App'x at 355 (holding that the district court did not err when denying a hearing and relying on an affidavit as the "evidentiary basis for calculating the unpaid wages and the amount of prejudgment interest on the unpaid wages[.]"); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 814 (E.D. Tenn. 2006) (granting default judgment and awarding statutory damages when defendant failed to defend the action and the district court concluded that no valid purpose would be served by requiring an evidentiary hearing). Accordingly, upon reviewing the evidentiary proof (Doc. No. 46-1), the Court concludes that USCH is entitled to damages in the contract balance of $103,152.28.

Furthermore, the ICPPA provides that "[i]f a payment due pursuant to the provisions of this Act is not made in a timely manner, the delinquent party shall be liable for the amount of that

payment, plus interest at a rate equal to 10% per annum." 815 Ill. Comp. Stat. Ann. 603/15. Plaintiff seeks "interest [on the amount of breach-of-contract damages] set out in the [ICPPA]." (*See* Doc. No. 1 at ¶¶ 13-16). As USCH aptly states, "[t]hat amount over two years and 215 days on the Dec. 5, 2016, invoice ($23,728.63) and over two years and 211 days on the Dec. 8, 2016, invoice ($2,965.41) totals $26,694.04." (Doc. No. 46 at 4). Accordingly, the Court finds that USCH is entitled to statutory interest pursuant to the ICPPA in the amount of $26,694.04, to be awarded in addition to the damages awardable on Count One.

## CONCLUSION

Based on the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 55, the Court **will AWARD** damages to Plaintiff USCH in the total amount of **$129,846.32**, plus costs to be assessed by the Clerk of the Court.

Judgment will be entered separately.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE